# Illinois Official Reports

## Appellate Court

---

### *Cholipski v. Bovis Lend Lease, Inc.*, 2014 IL App (1st) 132842

---

| | |
|---|---|
| Appellate Court Caption | RICHARD CHOLIPSKI and CYNTHIA CHOLIPSKI, Plaintiffs-Appellees, v. BOVIS LEND LEASE, INC., ALDRIDGE ELECTRIC, INC., and VITATECH ENGINEERING, L.L.C., Defendants-Appellants. |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-2842 |
| Filed | July 25, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries suffered by plaintiff and his wife arising from an accident plaintiff had at the construction site where he was working, the trial court did not abuse its discretion in staying defendants' contribution claim against plaintiff's physician based on their allegations that the malpractice of the physician and his practice group caused plaintiff's disability, since allowing defendants to file their third-party complaint for medical malpractice but staying the claim pending a timely resolution of plaintiff's negligence claims was a proper exercise of the court's broad discretion that did not violate the "principles" of the decision of the Illinois Supreme Court in *Laue*, and defendants waived their claim that the stay violated their right to due process by hindering their ability to fully present a defense in plaintiff's negligence trial. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-001268; the Hon. Randye A. Kogan, Judge, presiding. |
| Judgment | Affirmed and remanded. |

Counsel on Appeal     Mark E. Christensen and Rachel M. Driscoll, both of Christensen & Ehret, LLP, of Chicago, for appellants.

David C. Wise and David J. Rashid, both of Burke Wise Morrissey & Kaveny, LLC, of Chicago, for appellees.

Panel     PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices McBride and Taylor concurred in the judgment and opinion.

**OPINION**

¶ 1     On this interlocutory appeal, defendants Bovis Lend Lease, Inc. (Bovis), Aldridge Electric, Inc. (Aldridge), and Vitatech Engineering, L.L.C. (Vitatech), argue that the trial court erred in staying their contribution claim against Dr. Kenneth Candido and his practice group.

¶ 2     Plaintiffs Richard Cholipski (plaintiff) and his wife, Cynthia Cholipski, brought a negligence action against defendants for injuries which he allegedly sustained as a result of an accident in April 2009, and her damages for loss of consortium, when metal tubing fell on him while he was working on a construction project. Plaintiff claims that, as a result of this accident, he suffers pain which renders him permanently disabled.

¶ 3     Defendants claim that plaintiff's pain management doctor, Dr. Kenneth Candido, committed malpractice in his diagnosis of and in his failure to treat plaintiff, and that the doctor's malpractice is the cause of plaintiff's current pain and incapacitation. On August 15, 2013, the trial court granted leave to defendants to file their contribution claim but stayed the claim pending the outcome of the trial on plaintiff's negligence claims, which was scheduled to begin on January 13, 2014. It is this stay that defendants now appeal, pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Feb. 26, 2010).

¶ 4     On December 11, 2013, the appellate court granted defendants' motion to stay the trial date of January 13, 2014, until resolution of this interlocutory appeal.

¶ 5     For the following reasons, we affirm the trial court's stay order and vacate our order staying the negligence trial.

¶ 6                          BACKGROUND

¶ 7              I. The Complaint in the Underlying Negligence Action

¶ 8     This case involves two complaints: (1) plaintiff's negligence complaint against defendants; and (2) defendants' third-party complaint against plaintiff's doctor.

¶ 9     Plaintiff's original complaint was filed January 28, 2010. However, plaintiff's most recent complaint is his second amended complaint, filed February 14, 2013, which we describe below.

¶ 10     Plaintiff's second amended complaint alleges that, on April 28, 2009, plaintiff was employed by M&I Steel, and was working at an ongoing construction project on the tenth floor of the Chicago Mercantile Exchange, located at 20 South Wacker Drive in Chicago, Illinois. In connection with the project, metal tubing was stored vertically in a vault room on the tenth floor, and the tubing was not secured in any way other than by resting the tubing on its ends. Plaintiff was working in the vault room when the tubing fell on his body, causing injury.

¶ 11     Plaintiff alleged that defendant Bovis performed general contracting or construction management functions on the project, that defendant Aldridge placed the tubing on its ends in the vault room, and that plaintiff's employer was a subcontractor to defendant Vitatech, a contractor on the project. The complaint alleged six counts: three counts by plaintiff, with one count against each of the three defendants; and three counts by his wife, also with one count against each of the three defendants. The counts by plaintiff alleged construction negligence which resulted in personal injury, and the counts by his wife alleged construction negligence which resulted in loss of consortium.

¶ 12                    II. The Third-Party Complaint

¶ 13     More than three years after plaintiff filed his original complaint, defendants moved on April 3, 2013, for leave to file their third-party complaint for contribution from Dr. Kenneth Candido and his medical group, Advocate Physician Partners (Advocate).

¶ 14     Defendants' one-count third-party complaint for contribution alleged that Dr. Candido, a physician specializing in pain management and plaintiff's treating physician, caused plaintiff to be totally and permanently disabled as a result of his care and treatment. The complaint alleged that the doctor misdiagnosed plaintiff with "complex regional pain syndrome" (CRPS), failed to treat plaintiff for hypertension and for plantar and peroneal neuralgias, administered "massive doses of Decadron" despite plaintiff's hypertension, and committed other acts of negligence. The complaint stated that, if defendants are found liable to plaintiff, then they are entitled to contribution from Dr. Candido and Advocate.

¶ 15                    III. Procedural History

¶ 16     On April 12, 2013, the trial court initially denied defendants leave to file their contribution claim, without prejudice, on the ground that they could file a separate cause of action against Dr. Candido and Advocate. On May 3, 2013, defendants moved the trial court to reconsider its denial.

¶ 17     Plaintiff filed a response, objecting to defendants' motion for reconsideration on the ground that adding new parties and causes of action at this late date would delay the trial and also confuse the issues at trial. In the alternative, if the trial granted defendants' motion, plaintiff requested that the trial court sever the third-party medical malpractice claim from the negligence claims and order separate trials.

¶ 18     In defendants' reply brief, defendants objected to plaintiff's request for a severance and separate trials, arguing that severing the contribution claim would be the same as filing the claim in a separate action, which "Illinois law prohibits." However, defendants made no arguments based on constitutional due process.

¶ 19    Several months later, on August 6, 2013, the trial court set a trial date of January 13, 2014. The trial court then reconsidered its prior denial, as defendants had requested, and on August 15, 2013, the trial court granted defendants leave to file their contribution claim. However, the trial court also granted plaintiff's request for severance and separate trials by ordering a stay of the contribution claim until after the resolution of plaintiff's negligence claims. The trial court's written order stated that the court's "reasons [were] set forth in the record."

¶ 20    At the hearing, the trial court explained that, in light of the January 13, 2014, trial date, the delay would be unfair to plaintiff:

"THE COURT: Counsel, this is a 2010 case. That means the case is over three years old. It is set for trial January 13th of 2014. There is no way that you can get discovery on a medical practice case done by January of 2014. No way. By the time–You don't have service, there will most likely be motions on the pleadings, discovery, motions on the discovery ***. It's not fair to the plaintiff in this case that's been pending ***."

¶ 21    The trial court stressed its concern about delay, stating:

"THE COURT: So another three years they should wait because you've added a malpractice third-party? Absolutely not. And that's in my discretion and all the cases say it's the trial court['s discretion]; and if the trial court wants to sever, it can sever. If the trial court wants to stay, it can stay."

¶ 22    The trial court then held that the contribution claim was "reinstatable at the conclusion of the trial on the merits of the case in chief," and it summed up its decision as follows:

"THE COURT: Your motion is granted. Vacate my order, granted leave to file the third-party complaint, summons to issue, and it's stayed.
DEFENSE COUNSEL: Okay.
PLAINTIFF'S COUNSEL: Okay."

¶ 23    Neither attorney offered any objection to the trial court's decision and, as quoted above, both attorneys stated "okay" after the trial court stated it.

¶ 24    On September 13, 2013, defendants appealed to this court the portion of the trial court's August 15, 2013, order that stayed their contribution claim. The appeal was filed pursuant to Supreme Court Rule 307(a)(1), which permits interlocutory appeals from orders granting an injunction. Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010). On October 22, 2013, defendants moved the trial court to continue or stay the January 13, 2014, trial date pending the resolution of their interlocutory appeal before this court. After the trial court denied their motion on October 29, 2013, defendants appealed the trial court's denial to stay the trial date. On November 11, 2013, defendants filed an emergency motion in the appellate court to stay the trial court date, which the appellate court granted on December 11, 2013.

¶ 25    On December 12, 2013, plaintiffs moved the appellate court to dismiss defendants' appeal of the trial court's order refusing to stay the trial date. Defendants then moved the appellate court to consolidate the two interlocutory appeals, which the appellate court granted on December 30, 2013. On February 6, 2014, the appellate court dismissed the interlocutory appeal of the trial court's order refusing to stay the trial date but the interlocutory appeal of the trial court's stay of the contribution claim remained pending.

¶ 26                                    ANALYSIS

¶ 27       In this interlocutory appeal, defendants claim that the trial court abused its discretion by ordering a stay of their contribution claim pending the outcome of plaintiff's negligence claims. For the following reasons, we affirm.

¶ 28                                   I. Jurisdiction

¶ 29       The first issue we must address is jurisdiction. Plaintiff argues that we lack subject matter jurisdiction to hear this interlocutory appeal from the trial court's stay order.

¶ 30       Defendants argue that we have jurisdiction pursuant to Illinois Supreme Court Rule 307(a)(1), which provides:

          "An appeal may be taken to the Appellate Court from an interlocutory order of court:

          (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction[.]" Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010).

¶ 31       Although Rule 307(a)(1) does not use the word "stay," our supreme court has previously held that Rule 307 provides jurisdiction to review stays of arbitration and administrative orders. For example, in *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11 (2001), our supreme court held: "An order of the circuit court to compel or stay arbitration is injunctive in nature and subject to interlocutory appeal under paragraph (a)(1) of [Rule 307]." See also *Notaro v. Nor-Evan Corp.*, 98 Ill. 2d 268, 271 (1983) ("We hold that the order denying defendant's motion to compel arbitration was an appealable order."). Similarly, in *Marsh v. Illinois Racing Board*, 179 Ill. 2d 488, 489 (1997), our supreme court held that "the issuance of a stay of an administrative order pending judicial review constitutes an injunction for purposes of an appeal under Supreme Court Rule 307(a)(1)."

¶ 32       These holdings are not surprising considering that, years before, our supreme court had cited with approval an appellate court opinion which had held that jurisdiction was appropriate under Rule 307 to review "an order staying proceedings in a case pending the rendition of judgment in a related case." *Bohn Aluminum & Brass Co. v. Barker*, 55 Ill. 2d 177, 180-81 (1973) (citing with approval *Valente v. Maida*, 24 Ill. App. 2d 144, 149 (1960)). In *Bohn*, our supreme court also quoted with approval another appellate court opinion holding: " 'Even if defendant had not used the open-sesame word "enjoin" to invoke this rule[, *i.e.*, Rule 307], the words "stay" and "restrain" mean about the same and had a "stay" alone been allowed its effect would have been to "enjoin" further proceedings.' " *Bohn*, 55 Ill. 2d at 181 (quoting *Wiseman v. Law Research, Inc.*, 133 Ill. App. 2d 790, 791 (1971)).

¶ 33       Relying on this supreme court precedent, the appellate court has repeatedly held that Rule 307 permits the interlocutory appeal of a stay of court proceedings because " '[a] stay is considered injunctive in nature, and thus an order granting or denying a stay fits squarely within Rule 307(a).' " *Aventine Renewable Energy*, *Inc. v. JP Morgan Securities, Inc.*, 406 Ill. App. 3d 757, 759-60 (2010) (the appellate court had jurisdiction pursuant to Rule 307 to review the trial court's grant of a stay of court proceedings) (quoting *Rogers v. Tyson Foods, Inc.*, 385 Ill. App. 3d 287, 288 (2008)). See also *Hastings Mutual Insurance Co. v. Ultimate Backyard, LLC*, 2012 IL App (1st) 101751, ¶ 28 ("this court has jurisdiction to hear the appeal of the lower court's order denying the motion to stay" workers' compensation proceedings); *Khan v. BDO Seidman, LLP*, 2012 IL App (4th) 120359, ¶ 47 ("[a]n order

granting a stay of proceedings is a preliminary injunction, appealable under Rule 307(a)(1)," and thus, the appellate court had jurisdiction to review the trial court's stay of trial court proceedings pending the outcome of a supreme court case); *Lundy v. Farmers Group, Inc.*, 322 Ill. App. 3d 214, 216 (2001) ("[c]ourts have treated the denial of a motion to stay as a denial of a request for a preliminary injunction" and thus the appellate court had jurisdiction pursuant to Rule 307 to review the trial court's stay of plaintiff's cause of action); *Beard v. Mount Carroll Mutual Fire Insurance Co.*, 203 Ill. App. 3d 724, 727 (1990) ("[t]he denial of a stay by a trial court is treated as a denial of a request for a preliminary injunction, which is appealable under Rule 307(a)(1)," and thus the appellate court had jurisdiction to review the trial court's refusal to stay court proceedings in favor of arbitration).

¶ 34    Despite these numerous appellate cases stretching back decades, plaintiff cites in response two 20-year-old cases which he claims "suggest" a different holding: *In re A Minor*, 127 Ill. 2d 247 (1989), and *In re Asbestos Cases*, 224 Ill. App. 3d 292 (1991). As plaintiff forthrightly acknowledges, neither case holds that a stay is not appealable pursuant to Rule 307. *In re A Minor* concerned an injunction against newspaper publication, and *In re Asbestos* concerned a registry of asbestos claims. *In re A Minor*, 127 Ill. 2d at 263 (the interlocutory restraint against the publication of information in a newspaper was appealable as an injunctive order under Rule 307(a)(1)); *In re Asbestos*, 224 Ill. App. 3d at 297 (the trial court's order establishing a registry for asbestos claims was not appealable as an injunction pursuant to Rule 307(a)(1)). In addition, plaintiff argues that we should reconsider our numerous prior holdings because otherwise "the sluicegates will be difficult to close." We do not find this a sufficient reason to ignore our well-established precedent.

¶ 35    Thus, we conclude that we have subject matter jurisdiction to hear this interlocutory appeal pursuant to Supreme Court Rule 307.

¶ 36    Plaintiff also claims, without any citation to authority or legal argument, that the proper parties are not before this court because defendants failed to include the doctor and his group as part of this appeal. However, "[t]his court has repeatedly held that a party waives a point by failing to argue it." *Lozman v. Putnam*, 379 Ill. App. 3d 807, 824 (2008). See also *People v. Ward*, 215 Ill. 2d 317, 332 (2005) ("point raised in a brief but not supported by citation to relevant authority *** is therefore forfeited"); *In re Marriage of Bates*, 212 Ill. 2d 489, 517 (2004) ("A reviewing court is entitled to have issues clearly defined with relevant authority cited."); *Roiser v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 568 (2006) (by failing to offer supporting legal authority or any reasoned argument, plaintiffs waived consideration of their theory for asserting personal jurisdiction over defendants); *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 78 (1998) ("it is not necessary to decide this question since the defendant has waived the issue" by failing to offer case citation or other support as Supreme Court Rule 341 requires); Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) (argument in appellate brief must be supported by citation to legal authority and factual record). Thus, we do not consider this argument.

## II. No Abuse of Discretion

¶ 38    Now that we have concluded that we have subject matter jurisdiction to hear this claim, we will consider defendants' substantive claim that the trial court abused its discretion by issuing a stay of defendants' contribution claim.

¶ 39     Both plaintiff and defendants agree, and they are correct, that a trial court's decision to issue or deny a stay will not be overturned on appeal unless the trial court abused its discretion in making the decision. *Khan*, 2012 IL App (4th) 120359, ¶ 58; *Hastings*, 2012 IL App (1st) 101751, ¶ 29; *Aventine*, 406 Ill. App. 3d at 760 (citing *May v. SmithKline Beecham Clinical Laboratories, Inc.*, 304 Ill. App. 3d 242, 246 (1999)). "[O]ur standard of review–abuse of discretion–is the most deferential standard of review recognized by law ***." *Khan*, 2012 IL App (4th) 120359, ¶ 82. An abuse of discretion does not occur when a reviewing court merely disagrees with the trial court, but only when the trial court acted arbitrarily, exceeded the bounds of reason, or ignored or misapprehended the law. *Hastings*, 2012 IL App (1st) 101751, ¶ 29; *Aventine*, 406 Ill. App. 3d at 760.

¶ 40     With respect to a stay, a trial court does not act "outside its discretion" by staying a proceeding in favor of another proceeding "that could dispose of significant issues." *Khan*, 2012 IL App (4th) 120359, ¶ 62. A stay is generally considered "a sound exercise of discretion" if the other proceeding "has the potential of being completely dispositive." *Khan*, 2012 IL App (4th) 120359, ¶ 60.

¶ 41     In the case at bar, defendants' alleged negligence in the workplace is a significant and wholly separate issue from the doctor's alleged medical malpractice. Even if the doctor committed medical malpractice, this malpractice is unlikely to be dispositive of the entire case, since the doctor would not have treated plaintiff in the first place but for the accident which caused plaintiff's original injury. By contrast, the resolution of plaintiff's negligence claims has the potential of being completely dispositive of the entire case because, if defendants are not found to have been negligent, then there is no need to address their contribution claim against plaintiff's treating physician. Thus, we cannot find that the trial court acted arbitrarily by issuing a stay of defendants' contribution claim.

¶ 42     If we reverse the trial court here and set a precedent that the court abused its discretion by issuing a stay, then in every tort case with an injured plaintiff who is hoping for a speedy resolution, the defendant can wait three years and then bring a contribution claim against the treating physician, thereby delaying the case in a way that brings pressure on the injured plaintiff to settle. As the trial court so succinctly put it in the case at bar, "[s]o another three years they should wait because you've added a malpractice third-party?"

¶ 43     For just this reason, this court has previously held that a trial court did not abuse its discretion by severing a third-party medical malpractice claim from the underlying negligence case for purposes of trial. *Ryan v. E.A.I. Construction Corp.*, 158 Ill. App. 3d 449, 465-66 (1987) (no abuse of discretion considering the different "witnesses, parties and claims"). In *Ryan*, as in our case, the plaintiff was a construction worker who was injured on the job. *Ryan*, 158 Ill. App. 3d at 453. In *Ryan*, as in our case, the plaintiff brought negligence claims against the construction companies. *Ryan*, 158 Ill. App. 3d at 453. In *Ryan*, as in our case, one of the defendants brought a third-party claim against the plaintiff's treating physician. *Ryan*, 158 Ill. App. 3d at 453-54. In *Ryan*, as in our case, the trial court severed the medical malpractice claim from the negligence claims for purposes of trial. *Ryan*, 158 Ill. App. 3d at 454. In *Ryan*, as in our case, the defendant claimed on appeal that the trial court abused its discretion by denying it a joint trial and this court held, as we do now, that it could not find an abuse of discretion. *Ryan*, 158 Ill. App. 3d at 465-66.

¶ 44     In the case at bar, the trial court could have denied completely defendants' motion for leave to file a third-party complaint. *Winter v. Henry Service Co.*, 143 Ill. 2d 289, 293 (1991)

("The question of allowing a third-party complaint for contribution is clearly addressed to the broad discretion of the trial court."). Instead of doing this, the trial court chose a middle path, permitting defendants leave to file their third-party complaint but staying their medical malpractice claim in order to allow plaintiff to have a timely resolution of his negligence claims. We can find no abuse of discretion in the trial court's choice of a middle path.

¶ 45                                    III. The *Laue* Decision

¶ 46      In addition, defendants claim that the trial court abused its discretion because the stay violates the principles underlying section 5 of the Joint Tortfeasor Contribution Act (740 ILCS 100/5 (West 2012)), as articulated by our supreme court in *Laue v. Leifheit*, 105 Ill. 2d 191 (1984) (citing Ill. Rev. Stat. 1983, ch. 70, ¶ 305).

¶ 47      Before discussing section 5, we must first determine which version of section 5 applies to the case before us. In 1995, the legislature amended section 5 so that it read:

> "Enforcement. Other than in actions for healing art malpractice, a cause of action for contribution among joint tortfeasors is not required to be asserted during the pendency of litigation brought by a claimant and may be asserted by a separate action before or after payment of a settlement or judgment in favor of the claimant, or may be asserted by counterclaim or by third-party complaint in a pending action." 740 ILCS 100/5 (West 1996) (amended by Pub. Act 89-7 (eff. Mar. 9, 1995)).

¶ 48      However, Public Act 89-7, which amended section 5, was then held unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). After *Best*, our supreme court explained that: "As a result [of *Best*], the amended version of section 5 was rendered void *ab initio*, and the version of the statute in existence prior to its amendment remained in effect." *Harshman v. DePhillips*, 218 Ill. 2d 482, 489 n.1 (2006). The supreme court observed that "[a]s yet, the legislature has not reenacted the amended version of section 5." *Harshman*, 218 Ill. 2d at 489 n.1. Since the legislature has still not reenacted the amended version, the prior version is still in effect.

¶ 49      Prior to Public Act 89-7, section 5 provided:

> "Enforcement. A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." 740 ILCS 100/5 (West 1992).

¶ 50      In *Laue*, our supreme court interpreted this version of section 5. *Laue*, 105 Ill. 2d at 196 (citing Ill. Rev. Stat. 1983, ch. 70, ¶ 305). Since this version of section 5 is still in effect, the *Laue* opinion also governs our case. The *Laue* court held:

> "[T]he language in section 5 providing that a contribution claim may be asserted by a 'separate action before or after payment' covers situations where no suit is pending which was initiated by the injured party; however, when there is a pending action, the contribution claim should be asserted 'by counterclaim or by third-party claim' *in that action*." (Emphasis in original.) *Laue*, 105 Ill. 2d at 196 (quoting *Tisoncik v. Szczepankiewicz*, 113 Ill. App. 3d 240, 245 (1983)).

As required by the holding in *Laue* quoted above, defendants did file their contribution claim as a third-party claim in the pending action.

¶ 51 Neither section 5 nor the opinion in *Laue* says anything about a stay. However, defendants argue that the stay issued by the trial court violated the "principles" or *dicta* in *Laue*.

¶ 52 Specifically, defendants quote the portion of *Laue* in which the supreme court stated the reasons for requiring a contribution claim to be filed in a pending action if an action was pending:

> "One jury should decide both the liability to the plaintiff and the percentages of liability among the defendants, so as to avoid a multiplicity of lawsuits in an already crowded court system and the possibility of inconsistent verdicts." *Laue*, 105 Ill. 2d at 196-97.

Our supreme court subsequently explained the above quote from *Laue*, stating: "While a strong policy preference for a joint trial is implicit in [*Laue*], and we now reiterate that policy, [*Laue*] requires only that claims for contribution be asserted in the pending action, not that there must inevitably be a joint trial in every case." *Cook v. General Electric Co.*, 146 Ill. 2d 548, 556 (1992). Thus, defendants' reference to "the *Laue* rule" is misleading. There is no hard and fast rule about joint trials but rather a policy preference for a joint trial which is still left up to the trial court's discretion to weigh among other factors. *Cook*, 146 Ill. 2d at 560 (applying an abuse of discretion standard of review). There is a *Laue* "rule," but it is that, if an action by an injured party is pending, any contribution claim must be made in that pending action, which was done in the case at bar. *Henry v. St. John's Hospital*, 138 Ill. 2d 533, 546 (1990) (discussing the *Laue* "rule").

¶ 53 Defendants assert, without any citation to authority, that the potential for years of delay before any possibility of recovery by an injured plaintiff is not enough of a factor to justify a stay and the lack of a joint trial. As noted above, points not supported by citation to relevant authority are waived. *Ward*, 215 Ill. 2d at 332 ("point raised in a brief but not supported by citation to relevant authority *** is therefore forfeited"); *In re Marriage of Bates*, 212 Ill. 2d at 517 ("A reviewing court is entitled to have issues clearly defined with relevant authority cited."); *Roiser*, 367 Ill. App. 3d at 568 (by failing to offer supporting legal authority or any reasoned argument, plaintiffs waived consideration of their theory for asserting personal jurisdiction over defendants); *Ferguson*, 302 Ill. App. 3d at 78 ("it is not necessary to decide this question since the defendant has waived the issue" by failing to offer case citation or other support as Supreme Court Rule 341 requires); Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) (argument in appellate brief must be supported by citation to legal authority and factual record).

¶ 54 In addition, the facts in the case at bar are readily distinguishable from the facts in *Laue*. In *Laue*, Nancy Leifheit and four members of her family sued John Laue for negligence. Laue, the defendant in the original action, was driving a truck which collided with a vehicle driven by Leifheit, in which four members of Leifheit's family were passengers. In the original action, the jury returned verdicts against Laue but Leifheit's award of damages was reduced by one-third, which was the jury's assessment of her comparative negligence in causing her own injuries. After the verdict and judgment in the original action, Laue filed a complaint against Leifheit for one-third of all the damages that he had paid to her family. *Laue*, 105 Ill. 2d at 193-94. Thus, in *Laue*, the subject of the original action and the subject of the contribution action were almost exactly the same, namely, the collision. By contrast, in the case at bar, the subject of plaintiff's negligence action is primarily defendants' alleged

- 9 -

negligence in the workplace, while the subject of defendants' contribution action is primarily the doctor's alleged malpractice. Thus, *Laue* is readily distinguishable from the case at bar.

¶ 55    For these reasons, we do not find defendants' argument persuasive and conclude that the trial court did not abuse its discretion by issuing a stay.

¶ 56                                         IV. Due Process

¶ 57    Defendants next claim that the trial court's order of a stay denied them due process, because a separate trial of their claim will hinder their ability to develop fully their defense in the negligence trial and to defend themselves at that trial. In response, plaintiffs make one argument: that defendants waived this constitutional issue by failing to raise it below. We agree.

¶ 58    Issues " 'not raised in the trial court are waived and may not be raised for the first time on appeal.' " *Jackson v. Hooker*, 397 Ill. App. 3d 614, 617 (2010) (quoting *Shell Oil Co. v. Department of Revenue*, 95 Ill. 2d 541, 550 (1983)); *IPF Recovery Co. v. Illinois Insurance Guaranty Fund*, 356 Ill. App. 3d 658, 659, 666 (2005) (" '[I]t has long been held that arguments not raised in the trial court are considered waived on appeal.' " (quoting *Illinois Tool Works, Inc. v. Independent Machine Corp.*, 345 Ill. App. 3d 645, 652 (2003))). This rule applies to interlocutory appeals (*IPF Recovery Co.*, 356 Ill. App. 3d at 659, 666 (in an interlocutory appeal, the supreme court held that the plaintiff had waived an issue "for purposes of this appeal" by failing to raise it before the trial court)); to constitutional arguments (*Connor v. City of Chicago*, 354 Ill. App. 3d 381, 386 (2004) (since "[t]he waiver rule applies even to constitutional issues," plaintiff waived review of his due process argument by failing to raise it below before an administrative agency)); and to civil cases (*Werner v. Botti, Marinaccio & DeSalvo*, 205 Ill. App. 3d 673, 677 (1990) (since "[t]he general rule in civil cases is that constitutional arguments which are not raised by objection at trial are considered waived for purposes of appeal," defendants waived their due process arguments by failing to raise them in the trial court (citing *In re Liquidations of Reserve Insurance Co.*, 122 Ill. 2d 555, 567-68 (1988))))).

¶ 59    In their reply brief, defendants do not claim that they raised any constitutional objections in the trial court. Instead, they argue that they "did not have a realistic opportunity to raise" this issue in the court below. This is factually incorrect.

¶ 60    When defendants moved the trial court to reconsider its denial of leave to file a third-party complaint, plaintiff responded by objecting to the motion on the grounds of delay and also by requesting in the alternative that, if the trial granted defendants' motion, then the trial court should sever the third-party medical malpractice claim from the negligence claims and order separate trials.

¶ 61    In defendants' reply brief, defendants objected to plaintiff's request for a severance and separate trials, arguing that severing the contribution claim would be the same as filing the claim in a separate action, which "Illinois law prohibits." However, defendants offered no arguments based on constitutional due process.

¶ 62    On August 15, 2013, the trial court reconsidered its prior denial, as defendants had requested, and granted defendants leave to file their contribution claim. The trial court also acknowledged plaintiff's concerns about delay and granted plaintiff's request for severance and separate trials by staying the contribution claim until the resolution of the negligence

claim. When the trial court announced its decision in open court, defendants offered no objections–constitutional or otherwise–and merely stated "Okay." Thus, contrary to their argument on appeal, defendants had a realistic opportunity in both their reply brief and at the hearing to raise a constitutional due process argument concerning delay and separate trials, and they failed to do so.

¶ 63  In addition, under the doctrine of invited error, a party " 'may not request to proceed in one manner and then later contend on appeal that the course of action was in error.' " *People v. Harvey*, 211 Ill. 2d 368, 385 (2004) (quoting *People v. Carter*, 208 Ill. 2d 309, 319 (2003)). When a party acquiesces to a trial court's ruling, even if it is improper, the party cannot contest the ruling on appeal. *Crittenden v. Cook County Comm'n on Human Rights*, 2012 IL App (1st) 112437, ¶ 61, *aff'd*, 2013 IL 114876. In the case at bar, defendants requested leave to file a third-party complaint and, when the trial court granted their request and issued a stay as part of that grant, defendants acquiesced to the trial court's order by stating "Okay" and by failing to raise any objections to it, including any constitutional due process objections. Thus, defendants have waived their due process arguments for the purposes of this appeal.

¶ 64                                    CONCLUSION

¶ 65  For the foregoing reasons, the trial court did not err in staying defendants' contribution claim against plaintiff's treating physician and medical practice group. The trial court's order was neither an abuse of discretion nor a violation of the *Laue* rule. In addition, defendants waived any constitutional due process arguments by failing to raise them in the court below.

¶ 66  Since we are affirming the stay of the contribution claim and remanding the case for further proceedings, we also vacate our prior order, dated December 11, 2013, in which we stayed the negligence trial until the resolution of this interlocutory appeal.

¶ 67     Affirmed and remanded.