2024 IL App (1st) 240441-U

FIFTH DIVISION
May 17, 2024

No. 1-24-0441

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CIPRIANO RAMIREZ and MARIA RAMIREZ, | ) | |
| | ) | Appeal from the |
| Plaintiffs/Appellees, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | No. 23 L 004386 |
| AVON PRODUCTS, INC.; MERCK & CO. INC.; | ) | |
| PFIZER INC.; and WALGREEN CO., | ) | Honorable |
| | ) | Patrick J. Sherlock, |
| Defendants, | ) | Judge Presiding. |
| | ) | |
| (Avon Products, Inc., Defendant-Appellant). | ) | |

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Mitchell and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not abuse its discretion by allowing the defendant to file third-party claims for contribution and, in the same order, severing those claims and staying them to allow the trial on plaintiffs' underlying claims to proceed as scheduled.

¶ 2   The plaintiffs in the underlying suit, Cipriano and Maria Ramirez, brought claims for personal injury and loss of consortium relating to Mr. Ramirez's diagnosis of mesothelioma against his former employer, defendant Avon Products, Inc. (Avon). This is an interlocutory appeal

from the circuit court's grant of a motion by Avon to add third-party claims for contribution where, in that same order, the circuit court severed those claims and stayed them so that trial on plaintiffs' underlying claims could proceed as scheduled.

¶ 3 Avon contends that we should review that order *de novo* and reverse it because the presence of the third-party defendants, who are Mr. Ramirez's other former employers, is necessary to present a complete picture to the jury of his history of exposure to asbestos. For the reasons that follow, we affirm the circuit court's order.

¶ 4                                    I. BACKGROUND

¶ 5                              A. The Underlying Complaint

¶ 6 Mr. and Mrs. Ramirez initiated this litigation on April 27, 2023. They sought and obtained an expedited trial date in the circuit court based on Mr. Ramirez's diminished life expectancy. The matter was set for trial on March 19, 2024.

¶ 7 The underlying lawsuit is against Avon and three other defendants. The complaint alleges that Mr. Ramirez worked as a janitor at Avon's Morton Grove facility between 1981 and 1982, that he was exposed to asbestos-contaminated talc during this employment and also from his use of personal care products, and that he learned that he had malignant mesothelioma on or about January 24, 2023.

¶ 8 Avon was served with the complaint on May 15, 2023. Following discovery, during which it took both plaintiffs' depositions and obtained Mr. Ramirez's union and social security records, Avon sought leave to add as third-party defendants Mr. Ramirez's other former employers— Federal Chicago Corporation, Federal Die Casting Company, Cubs Construction, and Cerami Construction—on the basis that he was exposed to asbestos-containing materials during his employment with each of those entities and they were liable, in whole or in part, for any injury he

had suffered. Avon argued that it could not have learned of the exact identity or location of those former employers at the time it answered the Ramirezes' complaint and had brought its motion and proposed third-party claims at the first opportunity.

¶ 9 The Ramirezes argued that the motion should be denied because Avon had been on notice of the proposed third-party defendants for months, Avon had not acted in a timely manner to bring those parties into the case, some of the companies that Avon wanted to bring in as third parties no longer existed, there was no evidence Mr. Ramirez had been exposed to asbestos from any employment other than at Avon, and permitting Avon to assert the claims at that late juncture would result in significant prejudice to the plaintiffs because of Mr. Ramirez's diminished life expectancy. If the court granted Avon's motion, the Ramirezes asked for the third-party claims to be "severed for trial and stayed until the underlying action has been adjudicated. "

¶ 10 In its reply, Avon countered that it had acted diligently to determine the addresses and contact information for the four companies, that the fact that two of them were dissolved did not mean that there could not be any recovery through "unexhausted policies" or "assets," that there was evidence of asbestos exposure by the companies and that, while Avon was "sympathetic" to Mr. Ramirez's condition, it was equally important that former employers were "not left immune from their liability for exposures and causing Mr. Ramierz mesothelioma." In a footnote, Avon addressed the request for severance and a stay, saying "Avon objects to this request and further states that Plaintiff needs to bring a separate motion for such relief that can be fully briefed before being decided by the Court."

¶ 11 After briefing, the court granted the motion to add the third-party claims but severed and stayed those claims while maintaining the current trial date of March 19, 2024.  The court noted that it found support for this approach in both *Cholipski v. Bovis Lend Lease, Inc.* 2014 IL App

(1st) 132842, and *Zoot v. Alaniz Group*, 2016 IL App (1st) 160013-U.

¶ 12                                                    II. JURISDICTION

¶ 13    The circuit court issued its order severing and staying the third-party claims on January 30, 2024, and Avon filed a timely notice of appeal on February 29, 2024. The parties agree that this is an interlocutory appeal as of right under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), which provides for appeals from orders granting or denying injunctions. The grant of motion to stay a third-party claim is an injunction within the ambit of that Rule. *Cholipski Lease, Inc.* 2014 IL App (1st) 132842, ¶¶ 29-37.

¶ 14    The Ramirezes filed a motion for summary dismissal of the appeal in this court, on the basis that a motion to reconsider was still pending in the circuit court and asking, in the alternative, for accelerated consideration. We denied the motion to dismiss but granted the request for accelerated consideration.

¶ 15                                                    III. ANALYSIS

¶ 16                          A. Avon Has Not Forfeited Its Claims on Appeal

¶ 17    The Ramirezes' first argument is that Avon has waived or forfeited its right to make any arguments on appeal because its only contention below on the request for a stay was that plaintiffs should be required to file a separate motion seeking that relief. While that is true, we are certainly not inclined to find forfeiture here.

¶ 18    We agree with Avon that, as a matter of best practices, the circuit court should have required the Ramirezes to separately move for a stay so that the competing concerns of the parties could be fully aired in briefing on that separate motion. However, on review, it is clear to us that the parties' competing concerns are essentially the same for Avon's motion to add third parties and the Ramirezes' request that those claims be severed and stayed. Thus, while we do not think

4

Avon was prejudiced by the circuit court's refusal to order separate briefing, we also will certainly not find that Avon has forfeited its right to make arguments on appeal where, as here, the circuit court ordered the stay without giving Avon a chance to separately raise those objections below.

¶ 19                                    B. Standard of Review

¶ 20     As the parties recognize, in an interlocutory appeal from an order staying proceedings, the standard of review is generally an abuse of discretion. *Cholipski*, 2014 IL App (1st) 132842, ¶ 39; *Zoot*, 2016 IL App (1st) 160013-U, ¶ 19; see also *Khan v. BDO Seidman, LLP,* 2012 IL App (4th) 120359, ¶ 58. Under this standard, the only inquiry is whether the circuit court "acted arbitrarily, exceeded the bounds of reason, or ignored or misapprehended the law." *Cholipski*, 2014 IL App (1st) 132842, ¶ 39.

¶ 21     Avon argues, citing *Hayes v. Victory Ctr. of Melrose Park SLF, Inc.*, 2017 IL App (1st) 162207, ¶ 11, that the circuit court's decision in this case should instead be reviewed *de novo*. The *Hayes* court held that where "the facts at issue are not in dispute, and the circuit court made no findings in denying the stay" an order denying a stay may be reviewed *de novo*. However, in *Hayes* we were reviewing the denial of a motion to stay a wrongful death case in the circuit court while related claims for survival and family expenses proceeded to arbitration. As we noted, the result of denying the stay under those circumstances was that "two proceedings addressing and determining the same issue [would] proceed[ ] simultaneously and [could] arrive at different determinations on the issue of the defendant's negligence." *Id.* ¶ 15. That case did not involve, as this one does, the circuit court's consideration of various competing factors, some of which militate in favor of the prompt resolution of the Ramirezes' claims and others in favor of a more complete proceeding that would bring all potentially relevant parties before the court at the same time. Where, as in this case, a decision rests on the weighing of competing factors, as well as the circuit

5

court's need to control its own docket, our review is necessarily limited. See, *e.g.*, *Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 278 Ill. App. 3d 175, 182 (1996) (a trial court "has broad discretion" when it weighs the factors relevant to a *forum non conveniens* transfer); *In re Marriage of Stine*, 2023 IL App (4th) 220519, ¶ 15-16 (whether to award spousal maintenance, a decision that involves the weighing of statutory factors, is also generally reviewed for an abuse of discretion); *Panos Trading LLC v. Forrer*, 2023 IL App (1st) 220451, ¶ 38 (noting that "courts have the inherent power, independent of rule or statute, to manage their own dockets to dispose of cases in an orderly and expeditious manner").

¶ 22                    C. There Was No Abuse of Discretion

¶ 23    Avon unsuccessfully attempts to distinguish *Cholipski* and *Zoot*. In both of those recent cases this court affirmed the decision of the circuit court severing and staying third-party claims for contribution. As Avon points out, in *Cholipski* the third-party claim was against a doctor for malpractice, while the underlying claim was one of negligence against the employer, and the third-party plaintiff waited three years to file the third-party complaint. In contrast, in this case both the underlying and third-party claims are about asbestos exposure, and Avon filed its motion eight months after being served.

¶ 24    Avon likewise points out that the third-party complaint in *Zoot* was filed four years after the defendant was served, and the court there failed to expressly consider the harm the stay caused to third parties. Again, it cites its relatively short eight-month delay and its belief that these other employers were the sole cause of Mr. Ramirez's mesothelioma. "If the evidence of the exposures caused by the third-party defendants is not able to be presented at trial," Avon insists, "the jury will likely be improperly lead to the fallacious conclusion that Avon was the source of Plaintiff's asbestos exposures due to the lack of any other likely causal factor."

¶ 25    We appreciate these distinctions but note that in any decision by the circuit court in which competing interests are weighed, the precise factors will be different. We review this decision by the circuit court about how to proceed as we did in those cases—by asking whether what the circuit court decided to do was arbitrary, exceeded all bounds of reason, or ignored or misapprehended the law. *Cholipski*, 2014 IL App (1st) 132842, ¶ 39. We do not find that to be the case.

¶ 26    On the one hand is Avon's very real interest in putting other potential causes of Mr. Ramirez's illness before the jury. Avon also points to the fact that it did not unreasonably delay the filing of its motion, that asbestos exposure is a common issue in the underlying case and in the third-party claims, and that at least some of the same witnesses and evidence may be common to both trials. Avon also argues that the circuit court did not ask for or consider medical information on Mr. Ramirez's prognosis and that the Mr. Ramirez went to Mexico once with his wife since his diagnosis.

¶ 27    On the other hand, the Ramirezes point out that they moved for and were given an expedited trial date because Mr. Ramirez has a limited life expectancy based on his mesothelioma, which according to them, made it unlikely that he would survive longer than a year. The Ramirezes also point out that they provided answers to interrogatories, and authorizations to obtain Mr. Ramirez's employment and other records in June of 2023. In opposing Avon's motion to file third-party complaints, the Ramirezes advised the circuit court that three of the former employers appeared to no longer exist. In their brief on appeal, they advise this court that now, six weeks after being given leave to file these complaints, Avon has yet to serve any of the third-party defendants. The Ramirezes point out various ways in which Avon failed to move quickly to determine Mr. Ramirez's former employers such as delays in serving the Ramirezes with discovery requests and waiting three months to use the authorization it was given for Mr. Ramirez's Social

Security records.

¶ 28    The Ramirezes also point out that the severance order has no impact on Avon's ability to defend itself in the underlying case. Avon remains free to point to Mr. Ramirez's other employment as a cause of his mesothelioma. Indeed, Avon's defense in his case, that it is not the cause, or that some other source is the "sole proximate cause," has nothing to do with third-party claims for contribution, since contribution presumes that Avon will have some liability. The Ramirezes point out that these third-parties do not have to be part of the underlying case for Avon to point to them as the cause of Mr. Ramirez's illness, and if Avon failed to acquire the necessary evidence to do that, that is not a basis for allowing it to delay resolution of Mr. Ramirez's claims against it in order to try those claims simultaneously with Avon's claims for contribution.

¶ 29    As the parties' arguments make clear, there are a number of factors that have to be weighed in deciding whether to sever and stay the third-party claims. The parties' memoranda in the circuit court demonstrate that these same considerations were before the circuit court when it determined both that Avon should be allowed to file its third-party contribution claims and that those claims would be severed and stayed. While Avon did not wait years to bring these claims, the Ramirezes point out actions Avon could have taken to bring them sooner. While there could clearly be some economy in trying the third-party claims with the underlying complaint, that has to be weighed against the fact that delay could mean that Mr. Ramirez would not be present. The fact that some of these past employers may not even be ongoing companies is also an appropriate consideration that was not present in *Cholipski*, 2014 IL App (1st) 132842, and *Zoot*, 2016 IL App (1st) 160013-U.

¶ 30    Avon argues, citing *Laue v. Leifheit*, 105 Ill. 2d 191 (1984), that the circuit court abused its discretion because it failed to consider the strong public policy that contribution actions should

8

be tried with the original tort actions. This consideration is addressed in *Cholipski,* which discussed *Laue* and our supreme court's later decision in *Cook v. General Electric Company*, 146 Ill 2d 548 (1992), which made clear that while contribution claims must be asserted in the underlying action, they need not always be tried with those claims. As the court explained in *Cholipski*: "There is no hard and fast rule about joint trials but rather a policy preference for a joint trial which is still left up to the trial court's discretion to weigh among other factors." 2014 IL App (1st) 132842, ¶ 52.

¶ 31    In this case, as in *Cholipski*, all of those factors were weighed by the circuit court and we cannot find, on this record, that there was an abuse of discretion in that weighing process.

¶ 32                                      IV. CONCLUSION

¶ 33    The circuit court's order severing and staying the third-party claims is affirmed. Our mandate is to issue on an expedited basis within ten days. On the court's own motion, pursuant to Illinois Supreme Court Rule 367(a) (eff. Nov. 1, 2017), the time to file any petition for rehearing is shortened to nine days.

¶ 34    Affirmed.