2025 IL App (1st) 242139-U

FIRST DISTRICT,
SIXTH DIVISION
February 21, 2025

No. 1-24-2139

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| PAMELA KNOBBE, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISOMEDIX OPERATIONS, INC., | ) | |
| | ) | Appeal from the |
| Defendant-Appellant, | ) | Circuit Court of |
| | ) | Cook County, Illinois. |
| (Cosmed Group, Inc., | ) | |
| | ) | |
| Defendant). | ) | |
| | ) | No. 2022 L 008574 |
| | ) | |
| | ) | |
| ISOMEDIX OPERATIONS, INC., | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| Third-Party Plaintiff-Appellant, | ) | Judge Presiding. |
| | ) | |
| v. | ) | |
| | ) | |
| MEDLINE INDUSTRIES, INC., MEDLINE | ) | |
| INDUSTRIES, LP, VANTAGE SPECIALTY | ) | |
| CHEMICALS, INC., BASF CORPORATION, and | ) | |
| PPG INDUSTRIES, INC., | ) | |
| | ) | |
| Third-Party Defendants-Appellees. | ) | |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*: Trial court did not abuse its discretion in staying defendant's third-party contribution claims until after plaintiff's preferential trial where defendant waited five weeks before trial to seek a continuance and delaying the trial would substantially prejudice plaintiff.

¶ 2     Defendant/third-party plaintiff Isomedix Operations, Inc. (Isomedix) appeals from the trial court's order denying its motion for a continuance of plaintiff Pamela Knobbe's preference trial date, and *sua sponte* staying Isomedix's third-party contribution claims until after the trial.[1] On appeal, Isomedix argues the trial court's order contravenes the "presumption" in favor of joint trials and that Knobbe, who is 70 years old and has been diagnosed twice with cancer, would not be prejudiced from delaying her trial. We disagree and, therefore, affirm.

¶ 3     I. BACKGROUND

¶ 4     In August 2020, Knobbe along with other plaintiffs sued defendants Isomedix, Medline Industries, Inc., Medline Industries LP (collectively, Medline), Vantage Specialty Chemicals, Inc. (Vantage), and Cosmed Group, Inc. (Cosmed). Knobbe alleged her breast cancer diagnoses in 2006 and 2016 resulted from decades-long exposure to emissions of the known carcinogen ethylene oxide from two industrial facilities near her home: a chemical production facility in Gurnee and a medical sterilization facility in Waukegan. These facilities were operated at various times by defendants and third-party defendants BASF Corporation (BASF) and PPG Industries, Inc. (PPG). The Waukegan facility was owned and operated by Cosmed from 1993-2005,

---

[1] Knobbe's preference trial date was originally set for November 15, 2024. On December 3, 2024, the parties submitted a status report to this court indicating that jury selection in Knobbe's trial would begin on December 4, 2024, and the trial would likely continue into the new year.

Isomedix from 2005-2008, and Medline from 2008-present. The Gurnee facility was owned and operated by PPG from 1987-1998, BASF from 1998-2003, and Vantage from 2003-present.

¶ 5    Hundreds of similar cases were filed in the circuit court of Cook County and consolidated for discovery purposes. On September 13, 2022, the trial court ordered all plaintiffs to file individual actions that would relate back to their original complaints. On September 23, 2022, Knobbe refiled her complaint as a separate action. In November 2023 and April 2024, Knobbe voluntarily dismissed, without prejudice, defendants Vantage and Medline pursuant to proposed global settlements.

¶ 6    On April 1, 2024, Knobbe, who is 70 years old, filed a motion to set trial on a preference basis per section 2-1007.1(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1007.1(a) (West 2024)), which provides that a party who is at least 67 years old "shall, upon motion *** be entitled to preference in setting for trial, which shall commence within one year of the hearing on the motion." On September 19, 2024, Isomedix filed a third-party complaint for contribution against Medline, Vantage, BASF, and PPG in Knobbe's case.

¶ 7    On October 9, 2024, Isomedix moved to continue the trial date and set a trial scheduling hearing on March 5, 2025, considering its contribution claims and the pending global settlements with Medline and Vantage. Isomedix maintained that Knobbe would suffer no prejudice from delaying her preferential trial date under section 2-1007.1 of the Code, which allows for a "continuance of up to 6 months for good cause shown" and of up to one year following the addition of a new party. See 735 ILCS 5/2-1007.1(a), (c) (West 2024)).

¶ 8    Following a hearing on October 11, 2024, Presiding Judge Kathy Flanagan denied Isomedix's request for a continuance and *sua sponte* stayed Isomedix's third-party action until the conclusion of Knobbe's trial. While acknowledging the "policy" of the Illinois Supreme

Court regarding joint trials, the trial court found that "there's also a policy which has been affirmed *** where you can stay the contribution action," saving everyone considerable time and money if the direct action comes back in the defendant's favor. The court found this approach to be appropriate given that Isomedix's recently filed contribution claims "trigger[ed] a whole lot more litigation only five weeks before a trial date."

¶ 9 In response, Isomedix referenced a confidential document, which apparently "contractually prohibited [Isomedix] from filing the counterclaims until after August 30th." Medline objected to revealing the confidential agreement but maintained "there were opportunities for [Isomedix] to file this third-party complaint a year ago." Regardless of any agreement, the court found that while Isomedix had a right to file its third-party complaint when it did, continuing the trial would prejudice the parties, who have relied on and prepared for a November trial date, and Isomedix would suffer no prejudice, as it has "a complete and unfettered right to address all of [its] contribution claims posttrial."

¶ 10 Nearly two weeks later, on October 24, 2024, Isomedix filed a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). The following day, Isomedix moved the trial court to stay Knobbe's trial pending its appeal. The trial court struck the motion, finding the notice of appeal "divested [it] of any jurisdiction to grant any and all relief, particularly that which has already been requested by Isomedix in its notice of appeal."

¶ 11 On November 1, 2024, Isomedix filed in this court a motion to stay the November 15, 2024 trial. In a three-page written order, we denied the motion, finding that staying the preferential trial date would "be both prejudicial and unfair" to Knobbe and contrary to section 2-1007.1(a) of the Code, which entitled Knobbe to a preferential trial date. We noted, "A stay of

the trial would likely result in a delay of the trial beyond the 6 months allowed under section 2-1007.1(c) of the Code."

¶ 12                                II. ANALYSIS

¶ 13         On appeal, Isomedix argues the trial court's order staying its contribution claims contravenes the "presumption" in favor of joint trials, and that this case does not fall under one of the limited "exceptions" to this presumption. Isomedix also asserts that Knobbe would not be prejudiced by the delay since the trial could feasibly be held within the preferential trial window. Knobbe responds that the trial court did not abuse its discretion in staying the contribution claims because it would have been "patently unfair and prejudicial" to move her preferential trial date a "mere five weeks before" trial.

¶ 14         We review a trial court's order issuing a stay of third-party claims for an abuse of discretion. See *Cholipski v. Bovis Lend Lease, Inc.*, 2014 IL App (1st) 132842, ¶ 39; *Ramirez v. Avon Products, Inc.*, 2024 IL App (1st) 240441-U, ¶¶ 20-21 (review of an order staying proceedings is for an abuse of discretion, since the decision rests on weighing competing factors and involves "the circuit court's need to control its own docket"). Accordingly, we will only reverse the trial court if it "acted arbitrarily, exceeded the bounds of reason, or ignored or misapprehended the law." *Cholipski*, 2014 IL App (1st) 132842, ¶ 39.

¶ 15         Isomedix argues the trial court "applied the wrong standard and ignored well-established principles of law" in ordering the stay of its third-party contribution claims, which purportedly violates the "presumption" in favor of joint trials. We disagree.

¶ 16         Section 5 of the Joint Tortfeasor Contribution Act (740 ILCS 100/5 (West 1992)) provides, "A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending

action." In *Laue v. Leifheit*, 105 Ill. 2d 191, 196 (1984), our supreme court held that when there is already a pending action, section 5 requires that a contribution claim be asserted in that same action. In doing so, the court recognized the "strong public policy reasons" behind its holding, specifically, the judicial economy of having one jury decide liability to the plaintiff and percentages of liability among the defendants. *Id.* at 196-97.

¶ 17        However, in *Cook v. General Electric Co.*, 146 Ill. 2d 548, 556 (1992), the court clarified that "[w]hile a strong policy preference for a joint trial is implicit in [*Laue*], *** [*Laue*] requires only that claims for contribution be asserted in the pending action, *not that there must inevitably be a joint trial in every case*." (Emphasis added.) Accordingly, there is no "presumption" in favor of joint trials; rather, judicial economy is just one factor for the trial court to consider in exercising its discretion in staying a third-party claim. See *Cholipski*, 2014 IL App (1st) 132842, ¶ 52 ("There is no hard and fast rule about joint trials but rather a policy preference for a joint trial which is still left up to the trial court's discretion to weigh among other factors").

¶ 18        Isomedix also asserts that the trial court erred in adopting a "blanket severed-trial policy." The court set no such policy. Rather, the trial court found, in its discretion, staying Isomedix's contribution claims was appropriate under the circumstances of this case. Our only inquiry is whether the trial court "acted arbitrarily, exceeded the bounds of reason, or ignored or misapprehended the law" in doing so. *Id.* at ¶ 39. It did not.

¶ 19        Knobbe, who is 70 years old and has been diagnosed twice with cancer, has a significant interest in the prompt disposition of her case that has been set and was ready for trial when Isomedix sought to delay. If a party is elderly or seriously ill, delaying trial could result in lost testimony and an unjust result. Given Knobbe's age and cancer diagnoses, Knobbe has a right to see her claims to fruition now, without a six to twelve-month continuance advocated by

Isomedix. See 735 ILCS 5/2-1007.1(a), (c) (allowing for a continuance of up to six months for "good cause" and up to one year if additional parties are added).

¶ 20    Although Isomedix has an interest in putting all potential emitters before the jury, we cannot overlook its delay in filing its third-party complaint and seeking a continuance. Knobbe filed her initial action in August 2020. Nevertheless, Isomedix waited over four months after the preferential trial date was set in May 2024 to file its third-party complaint and another three weeks thereafter to request a continuance. At this point, the extensive additional discovery required for Isomedix's contribution claims would have been impossible to complete by November 15, 2024. The trial court was faced with two options: delay Knobbe's preferential trial date or stay the contribution claims until after trial. Staying Isomedix's contributions claims was not an abuse of discretion given the complexity of issues, Knobbe's readiness for trial, the fact the third-party claims were well known to Isomedix from the inception of this case, and Isomedix's delay in filing the claims.

¶ 21    To excuse its delay, Isomedix points to a confidential agreement between itself and the third-party defendants, which allegedly prevented Isomedix from filing the contribution claims sooner. Although the parties briefly referenced the agreement during the October 11, 2024, hearing, the agreement was not before the trial court, and it is not in the record on appeal. We do not know when this agreement was entered, what entities were parties to this agreement, or the terms of the agreement, although we infer from the briefs that Knobbe was not a party to the agreement. Knobbe should not be prejudiced or bound by an agreement between Isomedix and the third-party defendants. Nor may we rely on an agreement that we have never seen to excuse Isomedix's failure to bring these third-party claims sooner. See *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009) ("A party may generally not rely on matters outside the record to support its

position on appeal"); see also *Jackson v. South Holland Dodge, Inc.*, 197 Ill. 2d 39, 55 (2001) (declining to consider a document that was not submitted to the circuit court and was not part of the record on appeal).

¶ 22     Isomedix asserts that because the subject of Knobbe's trial and the contribution claims are the same, they must be tried together. See *Cholipski*, 2014 IL App (1st) 132842, ¶ 54 (distinguishing *Laue* because there, "the subject of the original action and the subject of the contribution action were almost exactly the same"). The subject matter of the claims alone is not dispositive. We must look at *all* relevant factors discussed herein, including, defendant's timing in bringing the contribution claim, judicial economy, the resulting prejudice to the parties, and the potential for the underlying action to be "dispositive of the entire case." See *id.* ¶¶ 41-42, 52.

¶ 23     Here, if Isomedix receives a judgment in its favor at trial with Knobbe, there will be no need to address the contribution claims, saving all parties considerable time and money. What's more, the stay will not prejudice Isomedix, as Isomedix can fully defend itself against liability at trial and pursue its contribution claims against third-party defendants thereafter. Considering the substantial prejudice that would result to Knobbe and lack thereof to Isomedix, the trial court did not abuse its discretion in staying Isomedix's contribution claims. See, *e.g.*, *Ramirez v. Avon Products, Inc.*, 2024 IL App (1st) 240441-U, ¶¶ 26-29 (no abuse of discretion in staying contribution claims where plaintiff with one-year life expectancy was granted an expedited trial, staying the claims did not impact defendant's ability to defend itself, and defendant could have brought the claims sooner); *Cholipski*, 2014 IL App (1st) 132842, ¶¶ 41-42 (affirming stay of defendant's contribution claim where plaintiff's action could be "completely dispositive of the entire case" and defendant waited three years to file contribution claim).

¶ 24                                    III. CONCLUSION

¶ 25          The judicial economy of conducting a joint trial does not warrant delaying Knobbe's

preferential trial date, particularly given the delay by Isomedix, the balancing of harms to the

parties, and undue prejudice a stay would cause Knobbe. For the foregoing reasons, we affirm

the judgment of the circuit court of Cook County staying Isomedix's contribution claims until the

conclusion of Knobbe's preferential trial.

¶ 26          Affirmed.